UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

DOUGLAS F. TULLOS,

        Plaintiff,

v.

CANTEEN SERVICES et al.,

        Defendants.

_____/

Case No. 1:18-cv-800

Honorable Paul L. Maloney

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

## Discussion

    I.    Factual allegations

Plaintiff Douglas Tullos is presently confined at the St. Joseph County Jail. He sues St. Joseph County Sheriff Bradley Balk and the food service provider at the jail, Canteen Services. He also sues a Supervisor for Canteen Services, Michelle (last name unknown).

Plaintiff alleges that he takes a medication called Tamsulosin HCL ("Flomax"), which is to be ingested thirty minutes after eating. The evening meals are served at 4:30 pm, and medication is dispensed between 8:00 pm and 11:00 pm. Medical staff at the jail allegedly ordered Canteen Services to place a snack on his evening meal tray so that he would have something to eat when he takes his medication. He received his first evening meal tray with a snack on June 18, 2018. On June 23, he did not receive a snack on his tray. Officer Rice went to the kitchen and found the snack on the kitchen table. On June 24, June 27, July 4, and July 7, 2018, Plaintiff's evening meal tray did not include a snack. Each time that he received a tray without a snack, he brought the issue to the attention of jail staff. They did not correct the issue.

On July 7, the inmate server allegedly stated that he would not serve Plaintiff a snack and that Plaintiff could use something else from his meal as a snack.

Plaintiff brings this action against Canteen Services because it did not provide the snacks on certain occasions and because it allegedly "empower[ed]" jail inmates to override medical instructions or to disregard them. (Compl., ECF No. 1, PageID.4.) Plaintiff sues Sheriff Balk because Balk allegedly employed a sub-contractor that "has difficulty understanding the importance of following medical instructions." (*Id.*)

As relief, Plaintiff seeks an injunction that will prevent these incidents from happening again, the imposition of fines on Canteen Services, and punitive damages from all Defendants.

II. <u>Failure to state a claim</u>

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While

a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff's allegations implicate his rights under the Fourteenth Amendment. Pretrial detainees are protected by the Due Process Clause of the Fourteenth Amendment, but those rights are analogous to those of prisoners under the Eighth Amendment. *Roberts v. City of Troy*, 773 F.2d 720, 723 (6th Cir. 1985); *accord Richko v. Wayne Cty.*, 819 F.3d 907, 915 (6th Cir. 2016) (making clear that pretrial detainees are "entitled to the same Eighth Amendment rights as other inmates") (quoting *Thompson v. Cty. of Medina*, 29 F.3d 238, 242 (6thCir. 1994)).

### A. Sheriff Balk

Plaintiff alleges that Defendant Balk hired an incompetent service provider. This is not sufficient to state a claim. Even if he is the one who hired Canteen Services, Balk is not liable for the actions of Canteen Services or its employees. Government officials may not be held liable for the conduct of others under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Plaintiff does not allege that Balk participated in any unconstitutional conduct. Thus, Plaintiff does not state a claim against Balk.

### B. Michelle (last name unknown)

Plaintiff does not state any allegations against the Supervisor for Canteen Services. Indeed, he does not even mention her in the body of the complaint. It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 544

(holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to pro se complaints. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (dismissing complaint where plaintiff failed to allege how any named defendant was involved in the violation of his rights); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries"). Because Plaintiff's claim falls far short of the minimal pleading standards under Fed. R. Civ. P. 8 (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"), his complaint must be dismissed against Defendant Michelle (last name unknown).

Moreover, for the same reason that Defendant Balk is not liable for the actions of others, the Supervisor for Canteen Services is not liable under § 1983 for the actions of other individuals. Thus, Plaintiff fails to state a claim against Supervisor Michelle (last name unknown).

### C. Canteen Services

Finally, Plaintiff does not state a claim against Canteen Services. He alleges that certain employees of Canteen Services failed to provide him with snacks at the appropriate time,

5

which apparently prevented Plaintiff from taking his Flomax medication as prescribed. This is not sufficient to state a claim, for several reasons.

First, like the other defendants, a private corporation like Canteen Services is not liable under § 1983 merely because its employees or agents (including the jail inmates distributing snacks) engaged in improper conduct. *See Monell*, 436 U.S. at 694; *Street v. Corrections Corp. of Am.*, 102 F.3d 810, 817-18 (6th Cir. 1996). A private corporation's "liability must . . . be premised on some policy that caused a deprivation of [a prisoner's] Eighth Amendment rights." *Starcher v. Corr. Med. Sys., Inc.*, 7 F. App'x 459, 465 (6th Cir. 2001). Plaintiff does not allege that his failure to receive snacks is the direct result of a policy by Canteen Services. Instead, he alleges that certain individuals failed or refused to provide the snacks on a few occasions.

Second, Plaintiff has not alleged deliberate indifference to a serious medical need. The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. Const. amend. VIII. The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 102, 103-04 (1976). The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. *Id.* at 104-05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

A claim for the deprivation of adequate medical care has an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id.* In other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.* The objective component of the adequate medical care test is satisfied

"[w]here the seriousness of a prisoner's need[ ] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo Cty.*, 390 F.3d 890, 899 (6th Cir. 2004). If the plaintiff's claim, however, is based on "the prison's failure to treat a condition adequately, or where the prisoner's affliction is seemingly minor or non-obvious," *Blackmore*, 390 F.3d at 898, the plaintiff must "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment," *Napier v. Madison Cty.*, 238 F.3d 739, 742 (6th Cir. 2001) (internal quotation marks omitted).

The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind in denying medical care." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (citing *Farmer*, 511 U.S. at 834). Deliberate indifference "entails something more than mere negligence," *Farmer,* 511 U.S. at 835, but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* Under *Farmer*, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Here, Plaintiff's allegations fail to satisfy either the subjective or objective components of an Eighth Amendment claim. Plaintiff does not allege that he faces any serious risk of harm from occasionally failing to receive a snack before taking his medication, let alone that any individual or entity was aware of such a risk and deliberately disregarded it. Indeed, Plaintiff's allegations sound more like negligence than deliberate indifference. Negligence is not sufficient to state a claim. *See Farmer*, 511 U.S. at 835.

**Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that the complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.

Dated:   August 17, 2018                         /s/ Paul L. Maloney
                                                 Paul L. Maloney
                                                 United States District Judge